*MHW*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR - 7 2008 *aew*
4-7-2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>  v.<br><br>TERRY YOUNG,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 97CR63**

**Judge George W. Linberg**

**08CV1999**
**JUDGE LINDBERG**
**MAG.JUDGE NOLAN**

MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE
PURSUANT TO 28 U.S.C. §2255

**NOW COMES** the defendant and <u>pro se</u> litigant Terry Young, and
moves this Court to grant his Motion To Vacate, Correct or Set
Aside Sentence Pursuant To 28 U.S.C. §2255 and, in support
thereof, states as follows:

I.   **Introduction**

Defendant Young elects to proceed <u>pro se</u> in this petition.

The right to defend in a criminal court proceeding belongs
exclusively to the accused defendant, <u>not</u> his lawyer.  See,
**Faretta v. California**, 422 U.S. 806 (1975).  The Supreme Court
held that an accused has a Sixth Amendment right to conduct his
or her own defense in a criminal case. **Id.** at 821.

When (as here and now) a defendant invokes his right to self-

1

representation, the court may appoint standby counsel to assist
the defendant with basic courtroom mechanics. **Id.** at 834 n.46.
In addition, this Court is required to construe _pro_ _se_ complaints
and petitions liberally.  Such _pro_ _se_ complaints and petitions are
held to a less stringent standard than those drafted by attorneys
so as to allow a _pro_ _se_ litigant to develop a potentially merit-
orious case.  See, **Haines v. Kerner**, 404 U.S. 519 (1972); **Neitzke
v. Williams,** 490 U.S. 319, 324-25 (1972); **Huges v. Rowe**, 499 U.S.
59 (1980).

Finally, when a federal court is evaluating a _pro_ _se_ complaint
or petition, the _pro_ _se_ litigant's allegations are assumed to be
true.  **Fine v. City of New York**, 529 F.2d 70, 74 (2d Cir. 1975).

## II. **Argument**

### A. The Failure Of The Courts To Comply With Supreme Court And Circuit Court Precedents, Disregarding Intevening Changes In Circuit Law, Ignoring A Congressional Statutory Mandate, All Resulted In A Fundamental Miscarriage Of Justice, Warranting The Count One Vacation Of Judgment Or, Alternatively, Reduction In Sentence Length

There exist extraordinary and compelling reasons related to
sentencing proceedings (below and erroneously affirmed above) that
warrant, at the very least, a significant Count One sentence length
reduction, rooted in both (long-established) statutory and (then
mandatory) sentencing guidelines requirements.

2

Consider these incontrovertible facts:

1-  This Court, in a dispositive judicial admission, made the following declaration in **U.S. v. Young (Mansoori)**, 480 F.3d 514, 518 (7th Cir. 2007):

"However, in the absence of a proven drug amount, the default maximum prison term is twenty years, Section 841(b)(1)(C). In this case, the conspiracy charge set forth in Count One of the indictment did not allege, and the jury was not asked to [and _did not_] find, that the amount of drugs involved in the conspiracy met or exceeded the statutory threshold for a life term. **The jury's verdict therefore did not support a sentence in excess of twenty years.** [emphasis supplied].

Nonetheless, we concluded that the error did not implicate the integrity and fairness of the judicial process so as to warrant relief under the plain error standard."

The appellate court had previously conceded that it (as will be documented in what follows, _erroneously_) believed "that none of the defendants had raised the [**Apprendi**/Sixth Amendment right to a jury trial drug quantity determination] issue in the district court." **Id**. See also, **Young (Mansoori)**, 304 F.3d at 657. In fact, Young had indeed and very specifically so, raised the issue at sentencing.

For the record, the circuit court merit panel that rendered the appellate court opinion in **Young (Mansoori) I**, **supra**, 304 F.3d 635, consisted of Judges Bauer, Rovner and

3

Wood, authored by Rovner.  The merit panel in **Young** (**Man-soori**) **II**, **supra**, 480 F.3d 514, consisted of Judges Bauer, Rovner and Manion, again authored by Rovner.

2-  Surely this Court (and the appellate court) is well-aware of the rule of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), which held that "any fact other than the fact of a prior conviction that increases the penalty for an offense beyond the statutory maximum penalty for that offense is an element of the crime and so must be submitted to the jury and proven beyond a reasonable doubt."

   Facts like **drug quantity** and **drug type**, for example.

   Facts admitted by the appellate court, as having not been determined by jury verdict in this case.  Conceded **Apprendi** errors.

3-  Exactly seven (7) years ago to the month (March 2001) in an opinion that was endorsed by ten (10) appellate court judges, including all five (5) of the judges who authored both **Young** opinions, another three (3) judge panel consisting of Judges Ripple, Manion and Kanne, authored by Kanne, estab-lished circuit law precedent in applying the **Apprendi** principle to drug conspiracy cases exactly like this one!!

   The case was and is entitled **U.S. v. Jones**, 245 F.3d 645 (7th Cir. March 2001) (collecting cases).

4-  **Jones** was an intervening change in circuit law, an appli-

4

cation of the **Apprendi** principle.

The controlling case on the retroactivity of an inter-
vening change of circuit law is **Davis v. U.S.**, 417 U.S. 333,
341-42 (1974). The **Davis** Supreme Court held that a change in
the law of the circuit _after_ a petitioner's conviction would
entitle the petitioner to a _new_ hearing under the _new_ law.
**Davis**, 41 L.Ed. 2d at 117.

5-  The Seventh Circuit **Jones** Court issued with unmistakable
clarity, a _very_ _specific_ _prohibition_ against using drug quan-
tities _not_ charged by indictment and _not_ determined by jury
verdict, **even while invoking the plain error standard of re-
view** (which was applied in (**Young/Mansoori**, **supra**, 480 F.3d at
518)), as the basis and justification for pronouncing (by a
district court) and affirming (by a circuit court of appeals)
statutorily enhanced sentences, regardless of the _actual_
(even if overwhelming) drug quantity evidence of record.
**Jones**, **supra** at 648. Indeed, quoting **Jones** very specifically,
"Because no drug amounts were included in the jury instruc-
tions for this Count, **Apprendi** requires the statutory maximum
for this offense to be determined without reference to any
quantity of controlled substance." **Id**. at 649.

6-  As relates to the intervening **Jones** (and others) circuit
case law precedents, following **Apprendi** which became applicable
to this case during the pendency of my direct appeal proceed-
ings, neither drug quantity nor type was charged or determined

5

by grand jury finding, or determined by trial jury finding
and therefore, in accordance with applicable Supreme Court
and circuit court law, the **default statutory maximum** penalty
when (as the grand jury indictment and trial jury instruc-
tions read with unmistakable clarity) only "a **measurable
amount of** [various] **drugs** [by type]" is determined, is gov-
erned by **section 841(b)(1)(C)**, the maximum penalty being **20
years.**

7- Section 841(b)(1)(C) became statutory law, legal precedent,
in 1970, approximately 30 years _before_ the circuit court's
_initial_ direct appeal opinion.  It was long-time, well-
established law _all_ _along_, with no appreciable language change
since 1970.  Section 841(b)(1)(C) is a Congressional mandate.

     The presumption here would be that _both_ the district
and circuit courts _knew_ _this_ to be fact, and had an obliga-
tion to _sua_ _sponte_ apply the law fairly and correctly, _even_ _if_
not asked to do so!

8- Intervening changes in the law of the Seventh Circuit re-
quires that my sentence be vacated on Count One.

9- In **United States v. Mietus**, 237 F.3d 886 (7th Cir. 2001),
yet another intervening change in circuit law, the Seventh Cir-
cuit held _for_ _the_ _first_ _time_ that the jury **must** be instructed
that drug type and quantity _were_ elements of a drug offense
which the prosecution must prove beyond a reasonable doubt.

6

**Id**. at 875.   See also, **U.S. v. Brough**, 243 F.3d 1078 (Cir. 2001); **U.S. v. Westmoreland**, 240 F.3d at 631-633 (7th Cir. 2001).

10- The due process clause requires the government to prove beyond a reasonable doubt *every* *element* of the crime with which the defendant is charged.   In re **Winship**, 379 U.S. 358, 364 (1970); **Apprendi**, **supra**.   Consistent with that principle, if the government fails to sustain the burden of proof *on* *any* *element*, the defendant is to be acquitted of the charge. **Winship**, 379 U.S. at 363.   See also, **U.S. v. Jackson**, 33 F.3d 866, 869 (7th Cir. 1994).

11- A criminal defendant must likewise by acquitted when the court fails to instruct the jury [as here] on *any* element that the prosecution must prove beyond a reasonable doubt.   **U.S. v. Gaudin**, 515 U.S. 506 (1995); **Cool v. U.S.**, 409 U.S. 100.

12- Finally, be also advised that the maximum base offense level of the Sentencing Guidelines for a **"measurable"** (or de-terminate) amount of drugs as charged by grand jury indictment and determined by trial jury verdict in this case, was and is **offense level 12**, when the offense involves heroin, cocaine, cocaine base (crack) Schedule I and II opiates and stimulants.

    Accordingly, for all of the aforementioned reasons, Supreme and circuit court precedents should be followed without hesitation or reservation and the relief requested should be granted.

**B.    The District Court Erred In Finding That Defendant Young's
_Apprendi_-like, _Jones_ Objection Was Untimely And Without
Merit.    The Circuit Court Compounded The Lower Court's
Error By Adopting And Not Correcting It**

On the date of defendant Young's sentencing hearing, September 22, 1999, prior to sentencing pronouncement, with the sentencing court's permission and the government's acquiescence (AUSA Hersh indicating that he had received and read, and was prepared to respond orally), counsel Ellis for defendant Young submitted a very brief (5.5 page supplemental sentencing) memorandum making an **Apprendi** claim before it subsequently (9 months later in June 2000) became known by the **Apprendi** name, citing as his authority the precursor to **Apprendi** and **Apprendi**'s progeny, **Blakely**, **Booker**, **Nance**, etc., — the Supreme Court's decision in **Jones v. U.S.**, 526 U.S. 227 (March 24, 1999); **Young**, Case No. 97 CR63, **September 22, 1999**, Tr. 5-11, Judge George W. Lindberg

8

Defense counsel Ellis argued that <u>**Jones**</u>, at that point in time as an intervening change in and new rule of constitutional law from the Supreme Court, was applicable to Young's case, and that <u>**Jones**</u> held as follows:

> "**Under the due process clause of the Fifth Amend-
> ment, and the notice and jury trial guarantees of the
> Sixth Amendment, any fact other than prior convictions
> that increases the maximum penalty for a crime must be
> charged in an indictment, submitted to a jury, and
> proven beyond a reasonable doubt.**" <u>Tr</u>. 7, Lines 3-8.

The aforementioned words became virtually the exact text of <u>Apprendi</u> and its progeny some nine(9) months later.  This Court subsequently conceded - a **judicial admission** - that "**Young's counsel did file a written objection that quite accurately predicted <u>Apprendi's</u> holding.**" <u>Mansoori II</u>, Slip Op. @ 13.

In <u>**U.S. v. Nance**</u>, 236 F.3d 820 (7th Cir. 2000), this Court held that a <u>**Jones**</u> claim was sufficient notice to the district court "**that serious questions could be raised about the proper characterizations of aggravating factors under many statutes**" and that as far back as 1997 [(the <u>**U.S. v. Edwards**</u>, 105 F.3d 1179 (7th Cir. 1997)] legal practitioners knew that elements of an offense (such as drug type and quantity) had to be proven to the jury beyond a reasonable doubt.

And what was the government's response to defense counsel's contention?  AUSA Hersh:

1 -   "**The entire premise of the defendant's motion ---
      We just disagree with that,**" <u>Tr</u>. 8, and

9

2 -  " --- We are asking  that you deny the motion.  We
     don't believe it has merit," Tr. 10, and

3 -  "But I don't think your Honor should grant the
     motion." Id.

The aforementioned was the government's official position
at sentencing, on **Setember 22, 1999.**  By **October 3, 2002,** however,
post-direct appeal, in response to defendant Young's Petition For
Rehearing to the Seventh Circuit Court of Appeals on the Count One
(conspiracy) sentences the government declared— a **judicial admis-
sion**— that "**the district court in accord with Apprendi may not
impose a sentence in excess of 20 years.**" G. Br. @ 2.

Obviously, by then the government <u>knew</u> that Young's claim
<u>did</u> have merit, and that the imposed life sentences by the district
court, given the evidence of record, <u>was</u> <u>not</u> legal or proper.

And the district court's response?  Following the government's
sentencing hearing suggested course, declining to make an indepen-
dent assessment, Judge Lindberg said:

1 -  "Okay.  **That** (what the government wanted, contrary
     to what the Supreme Court in <u>Jones</u> dictated) **is the
     view of the Court.  First of all, it will be denied
     as untimely ---,**" Tr. 10, and

2 -  " --- I said **both untimely and on the merits.**" Tr.11

The **Apprendi** rule became the universal law of the land during
the pendency of Young's direct appeal which, technically speaking,
is still pending.  In **Mansoori I**, 304 F.3d 635 (7th Cir., August
29, 2002) this Court conceded that the imposed Count One conspiracy
conviction life sentences amounted to **Apprendi** error. Id. @ 657.
At that point (**August 2002**), surely the  Court knew, that the

District Court's assessment that Young's counsel's **Apprendi** claim lacked merit, was clearly erroneous.  This Court also knew (or should have known by then upon simple review of **the sentencing hearing transcript, a material piece of evidence**) that Young had indeed timely preserved a meritorious **Apprendi** claim.

How could the Court <u>not</u> know that, without committing a **Patterson v. Crabb**, <u>supra</u> — type error, one that overlooked a final judgement order, the type of error that now screams aloud for a recall of mandate, **if circuit law precedent is going to be** <u>consistently</u> **(rather than** <u>selectively</u>**) applied without regard to race, creed, color or religion??**

The district court's untimeliness finding was clearly erroneous, too.

In **Mansoori II**, Slip Op. @ 14, the Court held that Young's **Apprendi**-like, <u>Jones</u> objection was filed **"beyond the deadline set by the  district court for objections to the probation officer's pre-sentence report."** There was legitimate reason for that.  How could it possibly have been done otherwise?

In the first place, the Court, the district court and the government knew (or should have known), that  the <u>latest</u> (there were 3 in all) district court deadline for defense filing objections, as confirmed by the case docket of proceedings records, was **January 11, 1999,** some 8 months <u>before</u> the sentencing hearing, and 2 months <u>before</u> the **Jones** opinion was announced!  <u>See</u>, **Docket Sheet Nos.** 423 (6/10/98), 440 (7/24/98), 460 (11/18/98) and 530 (1/11/99)(Objection filing deadlines).

How possibly, then, could defendant Young have filed "timely", pre-filing deadline, a non-existent <u>Jones</u> claim, <u>before</u> <u>Jones</u> ever came into being?  <u>Jones</u> was an intervening change in Supreme Court law, that was handed down between Young's trial and sentencing, and <u>after</u> the last of 3 objections filing deadlines had passed,  that became an applicable legal precedent prior to sentencing and on direct appeal.

In the second place, surely neither the district court nor the government could claim surprise over, or lack of familiarity with, the existence of the <u>Jones</u>  holding at the time of sentenc-ing, as it was 6 months <u>old</u> at that time and legal precedent then.

Quite contrary to the district court's threshold determina-tion, endorsed by the  Court, <u>**Mansoori II**</u> @ 14, Young's <u>Jones</u> objection <u>was</u> timely made, <u>had</u> undeniable merit and the  Court should have so held.  For these reasons standing alone (and there are more), Young is entitled to  <u>de novo</u> re-sentencing relief on Count One, the drug conspiracy charge.

C.    **Defendant Young Timely And With Sufficient Specificity Made And Preserved An <u>Apprendi</u> Claim Below.  Young Is Therefore Entitled To Be Re-Sentenced De Novo On Con-spiracy Count One, And The  Court's Law Of The Case Doctrine Finding To The Contrary Should Be Set-Aside**

We start with the last point, and there is ample circuit law authority, aside from the fact that undisputable evidence warrants it, to support and justify our request.

Unless there is some good reason for reexamining it or some other special circumstance warranting reexamination of the issue

(such as a new rule of constitutional law --- that was previously
unavailable, or newly discovered material evidence, or **the prior
decision was clearly erroneous and would work manifest unjustice,
or controlling authority has since made a contrary decision of
law applicable to the issue,** etc.), once the Court has decided
the merits of a ground of appeal, that decision establishes the
**law of the case** and is binding on a district judge asked to
decide the same issue in a later phase of the same case.  See,
<u>U.S. v. Mazak</u>, 782 F.2d 580, 581 (7th Cir. 1986); <u>U.S. v. Fuller</u>,
398 F.3d 644, 648 (7th Cir. 2005.

Quite clearly then, there are exception situations [as will
be demonstrated here] where the law of the case doctrine <u>is</u> <u>not</u>
binding.

With respect to the issues of <u>**Apprendi**</u>-claim timeliness,
merit, preservation below and properly applicable standard of
review, the  Court's expressed findings were demonstrably erro-
neous, and has worked a manifest injustice on defendant Young.
See, **Sections B, C and D.**

The aforementioned sections documented the  Court's **law of
the case** decision as being clearly erroneous and a manifest
injustice.  Defendant Young cannot be blamed, it was'nt Young's
fault, that  **the  Court failed to recognize** that which was repeat-
edly, publicly and <u>in writing</u> (at least four(4) times) **presented,**
uncontrovertible documentary evidence that Young had indeed
**preserved** below his <u>**Apprendi**</u> argument, and <u>all</u>  defendants had
<u>timely</u> presented their <u>**Apprendi**</u> claims on direct appeal, yet this

Court failed to peruse it.  Using an age-old axiom, "you can
lead a horse to water, but you can't force the horse to drink."
Young put his **Apprendi** claim front and center in the  Court's
face(s).  **What more could he do?**  As a matter of fact, the
Court publicly acknowledged that it <u>had</u> <u>not</u> even considered whether
Young had preserved the **Apprendi** claim. See, **Mansoori II**, <u>ante</u> 13.

Amazing. Disappointing and depressing, too.

The  Court, despite all of the aforementioned points of
undisputable fact and circuit law precedent, also questioned [i.e.,
declared "**it is debatable**] whether Young **actually** did **preserve**
**the [Jones/Apprendi] argument"**. **Mansoori II**,  Slip Op. @ 13.  This
expressed sentiment was alarming, stunning and  most regretable.
The evidence of record confirmed **Apprendi** issue preservation with
unmistakable clarity.  No ambiguity whatsoever.

The  Court correctly conceded that if the defendants were to
be re-sentenced <u>de</u> <u>novo</u>, as if the original sentence had never
occurred, the district court would be bound by **Apprendi**, and in
the absence of a jury finding as to the relevant drug quantity,
the lengthiest prison term that the court could impose on the
[Count One] conspiracy charge would be 20 years.  See, **Mansoori II**,
Slip Op. @ 3, 5; **Mansoori I**, 304 F.3d @ 659.

The  Court also declared, for issue preservation purposes,
that defendant Young's objection relied on **Jones v. U.S.**, 526 U.S.
227, 143 L.Ed 2d 311, 326 n.6 (1999).

**Not exactly true!**

While **Jones** was indeed cited, a reading of the Sentencing

14

Hearing Transcript, **Tr**. 7, and Supplemental Sentencing Memorandum
and Objections (to the PSI Report) of September 22, 1999, **pages
1, 2,** makes it bountifully clear that defendant Young relied upon
(and explicitly declared he was relying upon) his constitutional
rights under the Due Process Clause of the Fifth Amendment and
the notice and jury trial guarantees of the Sixth Amendment.
Young's counsel's direct quote:

> **"Any fact (other than prior convictions) that
> increases the maximum penalty for a crime must be charged
> in an indictment, submitted to a jury, and proven
> beyond a reasonable doubt."**

That, Honorable Jurist, is **Apprendi** before **Apprendi** ever was
a matter of public law.  The issue could not possibly have been
better preserved below, pre-**Apprendi**.

Now, would'nt _any_ distinguished merit panel of jurists
suppose _that_ was good enough to confirm issue preservation below?
Just in case you don't, let me share with you what some of the Court's
peers have had to say about the same issue:

1 -  In the case of Trevor Bjorkman, et al, **U.S. v. Bjorkman**, 270
F.3d 482, 489, 492 (7th Cir. 2001), circuit judges **Easterbrook,
Kanne** and **Bauer** (who served on the **Mansoori I** direct appeal merit
panel) held, conversely, that defendants who made **Apprendi**-like
arguments at sentencing (on **September 25, 1999**; they were charged
**June 3, 1999** by indictment pre-**Apprendi**) do _not_ forfeit (i.e.,
they adequately and timely preserve) the issue and thereby _restrict_
this Court's review to a search for plain error.  Bjorkman _did_ _not_,
as Young _did_ _so_, challenge ascertaining drug quantity using the
reasonable doubt standard.

2 - In **U.S. v. Messino**, 382 F.3d 704 (7th Cir.2004), circuit judges **Bauer**, **Easterbrook** and **Kanne** <u>unanimously</u> agreed that defendants Messino (brothers Dick and Clem) <u>had</u> adequately preserved their **Blakely** claim and therefore the Court's review <u>was</u> <u>not</u> limited to a search for plain error, because <u>both</u> Dick and Clem Messino advanced in their opening briefs arguments based on **Apprendi v. New Jersey**, 530 U.S. 466 (2000), which led to **Blakely** and **Booker**.

These judges declared that neither Messino brothers developed those arguments at length in either the district court or in their appellate briefs, as defendant Young (and his co-defendants did in the latter) did in both the district and circuit court, respectively, pre- and post-**Apprendi**. **Id**. @ 714-15.

Judge Easterbrook went on to say that ---

a)  when precedent is adverse (as was the case at Young and his co-defendants' sentencing dates), a few sentences flagging the point suffice to preserve an argument for resolution by a higher court, and

b)  when **Apprendi**-based arguments are properly preserved [as here by Young], relief is appropriate because such an error (**Booker**, **Blakely** or **Apprendi**) is not harmless, and

c)  **Apprendi** error does not justify reversal under the plain-error standard ---

Of course, which ought to be obvious and is the salient point in this petition, **plain-error was the inappropriate standard of review in defendant Young's case appeal.** Yet another Court error that could and should be corrected on a recalled mandate or now, on this Section 2255 petition.

16

3 - In **U.S. Humphrey**, 287 F.3d 422 (6th Cir. 2002), a distinguished panel of merit judges from the Sixth Circuit Court of Appeals, ___ Moore, ___ Cole, Jr., ___ Rosen, rendered the following findings of fact regarding claim preservation and applicable standard of review:

a - defendant Montel Humphrey was entitled to retroactive application of **Apprendi** rule; his appeal was pending at the time **Apprendi** was decided.

Humphrey (**like** Young) was sentenced in 1999 prior to **Apprendi**, and only made a formal **Apprendi** objection in his appellate brief in 2001.  As the  Court is well aware (or, as the undisputable, documentary evidence of public record confirms), Young made **Apprendi** objections **below** (in 1999 pre-**Apprendi**) and **above** (in the circuit court in 2000 pre- and post **Apprendi**), and

b - defendant Humphrey through his attorney preserved his objection on the basis of **Apprendi** error, such that **de novo** review applied on appeal, even though counsel never used the word "Apprendi"; the district court was apprised of the objection, and offered an opportunity to correct it, by a combination of the substance of defendant's objection to drug quantity determination and the objection of the standard of evidence review to be used, **Id**. @ 445-46 (collecting supporting cases from the Third, Fourth, Ninth and Eleventh Circuits, respectively), and

c - where [as here] a defendant raises a cognizable **Apprendi** challenge in the district court, and raises it again on appeal [as did Terry Young], Court of Appeals reviews the **Apprendi** issue

de novo; however, if a defendant fails to raise the issue in the district court, or  abandons it on appeal [Young did neither, he raised it in both courts], Court then and only then reviews for plain error.

This Court also stated that **"Young's contention that  he preserved the Apprendi argument by raising it at sentencing [thus] depends on us ignoring the district court's threshold determination that the argument was not timely made."** See, **Mansoori II**, Slip Op. @ 14.

And why should'nt the  Court ignore the district court's threshold determination?/ **The lower court was 100% wrong!** See, **Section B, Pages 5-8** of this petition.  Young's clear and unambiguous objection made orally and in writing at sentencing, was based on allegations of violations of his **Fifth and Sixth Amendment constitutional rights**, which have been federal law **since July 4, 1776!**  How possibly could such claims be untimely (and their requirements unknown to an impartial, bias-free district court judge) **in September 1999???**  The **Jones** and **Apprendi** cases were a (not the only) reference source precedent(s) for the Fifth and Sixth Amendments to the U.S. Constitution.

Finally, as legitimate grounds and reason for apprehension and suspicion, the  Court (Judge Rovner writing for the 3 member merit panel) stated ominously that ---

a)  **"even if Young did preserve his Apprendi argument, contrary to our assumption in Mansoori I, it would make no difference in terms of Young's entitlement to relief,"** and...

b - it "makes no difference in so far as Young is concerned
(that we rendered this assessment on plain error review"). See,
**Mansoori II**, Slip Op. @ 16.

Respectfully begging to differ, but it would make one hell of
a difference, and the Court itself explained what the "difference"
was in **Mansoori II**, Slip Op. @ 15.  That key, dispositive difference
lies in the assignment (between the government and defendant) of
the **burden of persuasion** — who has to prove that the consensus —
conceded **Apprendi** error was, or was not, prejudicial.  The Court
obviously knew that all along.

This "burden" assignment decides who wins or loses the
preserved **Apprendi** error appeal.  **Plain error analysis clearly
(and unfairly and illegally in this instance) favors the govern-
ment.**

As will be elaborated on in greater detail in **Section D** that
follows, pages 18, 19, well-established circuit law precedent man-
dates that **Apprendi** errors in both the indictment and jury instruc-
tions are subject to **harmless error** analysis.  The Court
mistakenly (by its own admission) applied the more stringent,
government favorable (when **Apprendi** claims are involved) **plain
error** analysis.

And that makes "**no difference in terms of Young's entitlement
to relief**"?  And why is that so?  Is (or is'nt) the Court saying
that the requirements of its own (circuit) law, does'nt matter
simply because Terry Young is the defendant???

Under circuit law, **harmless error** analysis is reserved

for those errors objected to in the district court, and **plain error** analysis is <u>reserved</u> for and applied <u>only</u> to those errors <u>not</u> raised in the district court.

Surely this Court would (or should) concede, there can be no legitimate dispute (the evidence of record would'nt allow it), that Terry Young's counsels timely and with great specificity, <u>preserved</u> his **Apprendi** claim, regardless of what the (drug quantity) evidence of record indicated to the reviewing panel of circuit court judges. The jury <u>did</u> <u>not</u> make such a determination, and the jury has ultimate authority in making such a determination if the penalty (sentence length) is to exceed **20 years** pursuant to **21 U.S.C. 841(b)(1)(C)**. They did'nt. It should'nt.

That is the **Apprendi/Nance** rule, the law of the land <u>including</u> the Seventh Circuit. The only question here is, is it going to be applied fairly and equally to Terry Young as it is to all (or most) other defendants convicted of the identical crime(s). That is the question.

Again, is (or is'nt) the Court suggesting that an exception to the rule of circuit law, that it actually **"makes no difference"** (what the law demands) simply because Terry Young is the defendant??

D. **The Circuit Court Erred In Applying Plain Error Analysis To Defendant Young's Timely Preserved <u>Apprendi</u>-like Claim. Young's Claim And Sentence Should Have Been Subject To Harmless Error Analysis And Plenary Review**

In **Mansoori I** [304 F.3d 635 (7th Cir. 2002)] the Court determined that the imposition of life sentences on the defendant's conspiracy convictions amounted to **Apprendi** error, because the jury

had not made a finding as to the amount of narcotics involved in
the conspiracy  that would authorize a prison term of life. 304
F.3d @ 657.  Believing [erroneously] that none (including Terry
Young) of the defendants had made an **Apprendi**-like argument below,
the court reviewed the **Apprendi** challenge for plain error only
[a highly prejudicial mistake], and concluded under that (the
wrong) standard, relief was not warranted.  See, **Mansoori II**, Slip
Op. @ 2.

As elaborated on in **Sections B and C**, respectively, of this
relief request petition, defendant Young's **Apprendi** claim
was improperly subjected to plain error analysis rather than
properly to harmless analysis, and he was entitled to plenary
review of the conceded (by the government and Court) **Apprendi**
sentencing error.

"It is now well-established in this circuit that **Apprendi**
errors in both ther indictment and the charge to the jury are
subject to harmless error analysis".  See, **U.S. v. Adkins**, 274
F.3d 444, 454 (7th Cir. 2001)(collecting cases).

Harmless error analysis is reserved for those errors objected
to at trial (below, in the district court), while **plain error
analysis** is applied to errors not raised at trial (in the district
court).  See, **U.S. v. Burke**, 425 F.3d 400, 416 (7th Cir. 2005)
(Burke preserved his argument below by objecting to his sentence
on the grounds that it violated **Apprendi v. New Jersey**, 530 U.S.
466 (2000), thus the review is for harmless error); **U.S. v.
Schlifer**, 403 F.3d 849, 853 (7th Cir. 2005)(The doctrine of plain

21

error applies when a defendant forfeits a ground in the district court but raises it on appeal); <u>U.S. v. Pawlinski</u>, 374 F.3d 536, 5640 (7th Cir. 2004)(same).  Otherwise, the appellant is entitled to plenary review of a sentencing error.  <u>Schlifer</u>, <u>supra</u> @ 854

An error is harmless only if it did <u>not</u> affect the district court's choice of sentence.  <u>Schlifer</u> [citing <u>U.S. v. Smith</u>, 332 F.3d 455, 460 (7th Cir. 2003)].  Being subjected to <u>plain</u> <u>error</u> analysis, Young's maximum (and actual) sentence was **life without parole**.  Had Young been subjected to <u>harmless</u> <u>error</u> review, his maximum sentence could not have exceeded **20 years**.

Quite clearly, <u>**this**</u> <u>**Court's**</u> <u>**error**</u> <u>**was**</u> <u>**not**</u> <u>**harmless**</u>!!

The Court explained in <u>**Mansoori II**</u>, Slip Op. @ 15, that **"the relevant inquiry on harmlessness review in <u>Apprendi</u> cases is the same inquiry posed on plain error review,"** citing <u>**Nance**</u>, 236 F.3d @ 825.

This rational misses the point completely, that point being the **"contemporaneous objection rule"** and the benefit that is suppose to be derived therefrom   See, <u>**Turner v. Murray**</u>, 476 U.S. 28, 37 (1986).  Again, plain error analysis and its burden of persuasion obligation is the salient (and obviously overlooked) point here.  In <u>**U.S. v. Larson**</u>, 417 F.3d 741, 747 (7th Cir. 2005), the defendant (Palmer, as did defendant Young here) raised the issue below by challenging the district court's sentencing enhancements on the basis of <u>**Apprendi v. New Jersey**</u>, 530 U.S. 466 (2000).  The Court held, under these circumstances, the government had the burden on appeal of establishing that the error was harmless.

Judge Bauer, joined by Judges Wood and Ripple, authored this opinion.  Now, compare <u>this</u> opinion holding with the **Mansoori I** opinion issued by Bauer, Wood and Rovner.  In <u>that</u> opinion, the burden of persuasion was shifted to defendant Young.  **Harmless error analysis for Palmer, <u>plain</u> error analysis for Young.**

In **Mansoori II** the Court pointed out the key distinction between the harmless error and plain error analysis lies in the assignment of the **burden persuasion — in plain error** cases, it is the <u>defendant's</u> burden to prove that the error was prejudicial, whereas in **harmless error** cases it is the <u>government's</u> burden to prove that the error was <u>not</u> prejudicial.  **Slip Op**. @ 15.  See also, **<u>U.S. v. Larson</u>**, 417 F.3d 741, 746047 (7th Cir.2005)(recognizing that the government bears the burden of establishing that error was harmless).  Because [as here] the court's error in **Burke, <u>supra</u>** was <u>not</u> harmless, the Court vacated Burke's sentence and remanded for resentencing.

Had the proper [in this case] standard of review [harmless error analysis] been applied in this case, in no way, there was no way possible, with the **burden of persuasion** on the government, could the government have proven using <u>any</u> standard of proof ...

1)    that the imposed Count One sentence (**life** without parole based on a plain error analysis) did not fatally prejudice Young (who would have been entitled to the default statutory maximum penalty sentence of **20 years**), and

2)    that Young's sentencing hearing claim below did not mirror exactly the rule of **<u>Apprendi</u>** (before the **<u>Apprendi</u>** name

became public information) and, therefore, a finding regarding Young's **Jones/Apprendi** claim to the contrary by the court below, endorsed by the Court, did not unfairly prejudice Young, and

3) that the lower court's claim, embraced by this Court, that Young's **Apprendi** claim was untimely and without merit, did not fatally and unfairly prejudice Young.

**The government could _never_ have proven _any one_ on the three(3) aforementioned points.**

Defendant Young suspects that **res judicata** considerations from the **Mansoori I** opinion, and the government's interests in maintaining an **illegally** imposed life sentence on Count One (conspiracy), somehow seeped into and infected the Court's decision, to apply the **wrong (plain error)** analysis standard of review, so as to unfairly favor the government's objective.

Well-established circuit law expressly prohibits court-declared speculation about drug quantity estimates. See, **U.S. v. Nichols**, 75 F.3d 1137, 1143 (7th Cir. 1999); **U.S. v. Ferguson**, 35 F.3d 327, 333 (7th Cir. 1994); **U.S. v. Westmoreland**, 240 F.3d 618, 630-32 (7th Cir. 2001). See also, **Sullivan v. Louisiana**, 508 U.S. 275, 280 (1993)(**"There has been no [drug quantity] jury verdict within the meaning of the Sixth Amendment"**, and no amount of **"appellate speculation about a hypothetical jury's action"** can remedy this error)

After trial proceedings have ended, a jury verdict has been reached and the trial jurors dismissed, **no judge, no person alive**, in conducting a post-trial review and analysis of the evidence,

can say with absolute certainty beyond a reasonable doubt, whether **all** trial jurors, each and every one, believed **some**, **half** or **all** of each and **every** witnesses' testimony。 It would be impossible to know, even for learned circuit court judges. That is why, as it should be, that judicial speculative analysis of the evidence of record is frowned upon. It could not possibly be reliable beyond a reasonable doubt. It should never be a substitute for a trial jury's actual verdict. **It is contrary to the rule of Apprendi and it's progency.** See Also, U.S.v. Parmelee, 42 F.3d 387 (7th Cir. 1994)(Anti-Appellate court speculation).

The **Mansoori** Court's speculative conclusions aside after their analysis and review of the evidence of trial record, and speculative projections as to what a properly instructed jury **might** (or **might** **not**) have found (but did'nt find) regarding drug quantity, **THAT** does'nt really **"make any difference"** under (or in view of) a properly preserved (below) and timely presented (above) **Apprendi** objection.

Defendant Terry Young pointed out timely at sentencing (below) and on direct appeal (in the Court) the drug quantity the trial jury did find (none), and the trial jury's determination was (and is) the only one that really matters, and that he should be sentenced for no more than that amount of drugs pursuant to 21 U.S.C. 841(b)(1)(C), to a default statutory maximum penalty for 20 years, see, **U.S. v. Nance**, 236 F.3d 820, 825 (7th Cir. 2000), on the Count One conspiracy charge. This has been the mandate of federal law since Section 841(b)(1)(C) became law on October 27, 1970, thirty(30) years before **Apprendi**!

25

Check the date for yourself.

Finally, in the case of (James) **Schlifer**, as was in the case of (Wendel) **Nance**, the only reason the Court applied **plain error analysis** to their **Booker** and **Apprendi** claims, respectively, was because **no Sixth Amendment challenge had been raised in the district court.** See, **Schlifer**, 403 F.3d 849, 854 (7th Cir. 2005); **U.S. v. Nance**, 236 F.3d 820, 82 (7th Cir. 2000). **That** dispositive fact does not exist in **this** case.

There is no doubt — the document evidence of record speaks for itself — that defendant Young raised an **Apprendi/Jones** issue in the district court in a timely fashion, yet the Court **still** improperly applied plain error analysis. Why?

There is neither doubt nor legitimate reason why the Court should not recall its mandate, correct **its** error/oversights and conduct a plenary review of the imposed Count One sentence.

Accordingly, for the aforementioned reasons standing alone, defendant Young is entitled to the relief requested and justly deserved, **de novo** re-sentencing on Count One of the instant indictment.

E.   **Defendant Young Was Victimized, Unfairly Prejudiced And Discriminated Against By This Court Adopting Inconsistent Judicial Opinions, Reflecting The Application Of Dual Standards Amongst Similarly Situated Criminal Case Defendants, Charged With Virtually Identical Narcotics Conspiracy Offenses**

The inconsistencies in this Court's legal opinion conclusions involving **the same case subject matter** (narcotics conspiracies), and **the same case facts** (sentencing length enhancements based on

judicial rather than trial jury findings of fact, **Apprendi** error
preservation of rights for review and the standard selection for
error [plain v. harmless] review), when the case of **Afro-American**
Terry Young is comparatively analyzed with the cases of other
similarly (if not virtually identically) situated criminal
defendants, i.e., Wendell Nance, Richard Messino, Clem Messino,
Trevor Bjorkman, James Schlifer, Robert Burke, Curtis Smith,
Dwight Larson, **European-Americans** <u>all</u> (not that it really matters
in making the intended point), in <u>this</u> <u>same</u> <u>circuit</u> is, simply put,
frightening, disconcerting and legitimate cause for grave concern.[1]

Judges Rovner (opinion author), Wood and Bauer served on
the direct appeal merit panel for **Mansoori I**, 304 F.3d 635 (7th
Cir. 2002), and judges Rovner (opinion author), Bauer and Manion
on the remand re-hearing merit panel for **Mansoori II**, Slip Op.
05-3440 (7th Cir. March 13, 2007)

Consider the following issue illustrations as cases in point:

1.  **Judicial Admissions**

Defendant Young filed with the Seventh Circuit a petition
for rehearing on **September 19, 2002.**

The government did not contest Young's assertion that he had

---

**Footnote 1:** In referencing his ethnic identity, defendant Young
is simply following the lead of the Honorable Circuit Judges
**William J. Bauer** and **Ilana Diamond Rovner**, respectively, as
an acceptable practice, no more, no less. The opening line
of the **McCaskill v. SCI Management Corp**, 298 F.3d 677, 678
(7th Cir. 2002) opinion references Gloria J. McCaskill by race
(African-American) and by gender (female). The case was not
about racial discrimination <u>per se</u>; it was about sexual har-
assment, disparate financial compensation (sales bonuses) and
employee job termination. <u>They</u> chose to cite ethnicity and
gender as factors of relevance.

timely raised a Sixth Amendment argument in the district court
and was therefore entitled to relief under **Apprendi**.  Because
this is true, the government waived their right to dispute Young's
**Apprendi** claim.  An appellate court may not consider a matter
which could have been raised in the district court but was not.
**McKnight v. General  Motors Corp**, 908 F.2d 104, 107 (7th Cir. 1990).
Such rules, of course, apply to the government as well as to the
defendant.  **Wilson v. O'Leary**, 895 F.2d 378, 384 (7th Cir. 1990).

   Moreover, the government, in opposing Young's petition, in
their **October 3, 2002** rehearing response brief, represented in
relevant part that **"The  Court's judgement and opinion make clear**
[a statement of fact] **that the Court vacated Young's sentences on**
**all three Counts of conviction"** and, **"in resentencing Young on**
**Count 1, the district court will of course be obliged to honor**
**Apprendi, and to resentence Young to a maximum of 20 years**
imprisonment on that count."  See, **G. Resp. Br.** @ 1,2; **Mansoori II**,
Slip Op. @ 6, 9.

   In this case (**Mansoori II**), this panel of judges — Rovner,
Bauer and Manion — declared **"the government's representations on**
**this subject are besides the point as far as we are concerned."**
**Id**. @ 9.

   Oh, really?  Well, let's examine the Seventh Circuit archives
to see what Judges Bauer and Rovner's poisitions were just 5 years
ago in the case of **McCaskill v. S.C.I. Management Corp.**, 298 F.3d
677 (7th Cir. 2002).

   Just like the government did on rehearing, SCI conceded a

dispositive point favoring McCaskill's objection at oral argument.
Because SCI conceded, the Court need not proceed any further,
Judge Bauer held.  The verbal admission by SCI's counsel at oral
argument is a binding judicial admission, the same as any other
formal concession made during the course of proceedings, Judge
Bauer added.  Id. @ 680.  Judge Rovner declared that Judge Bauer's
holding means that "one party's characterization of the law would
necessarily bind this court and dictate the outcome of this appeal."
Id. @ 683

Well, well, well, what have we here?  In Young's case, iden-
tical situation, "the government's representations --- are besides
the point", but in McCaskill's case, the conceding adversarial
party's representation is "a binding judicial admission, which
dicates the outcome of the appeal."  How about that?

If (or since) Judges Bauer and Rovner's expressed opinions
were so (a binding judicial admission) in this case , why was it
not so in Young's case?  Why was "the government's representation
--- besides the point" in just Young's case??

Same judges on the Mansoori II panel as here.  But, a different
opinion about the same thing for Terry Young.  Again, why so for
McCaskill, but why no for Terry Young??  Incidently, another 3
judge merit panel from the Seventh Circuit, Judges Bauer, Coffey
and Ripple in another seperate case, Keller v. U.S., 58 F.3d 1194,
1198 n.8 (7th Cir. 1995), came to the same conclusion.  See also,
Soo Line R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481,
483 (7th Cir. 1997)(Judges Posner, Kanne, Evans, same conclusion)

This Court is asked to take judicial notice that 9 circuit court judges have expressed formal opinions contrary to **Mansoori II** on the judicial admission holding.

In yet another Seventh Circuit legal precedent case, **U.S. v. Cunningham**, 405 F.3d 497, 503 (7th Cir. 2005), a criminal case, defendant Thomas Cunningham failed to preserve his issue (base offense level enhancements) or assert his right on appeal. Terry Young did both. Cunningham had executed a waiver of the issue and conceded in a supplemental sentencing brief and opening brief on appeal, that the district court properly increased his base sentence. This Court — judges Coffey, Evans and Easterbrook — held that "**Such a clear, deliberate and unambiguous concession is sufficient to constitute a judicial admission and evinces an intentional waiver of a right to challenge ---**" (citations omitted)." **Id**. @ 504.

How possibly under the law could defendant Cunningham's concession favoring the government's position, be a judicial admission, but the government's, Young Petition For Rehearing concession favoring Young, not also be same in **Manssori II**? This Court's ruling here simply does not pass the "**smell**" test. It was and is a clear violation of the principle of judicial estoppel. **Young's objection and the government's concession was a statement of fact regarding Apprendi's holding.**

After the government prevailed (despite its pre-opinion concession) on Young's petition for rehearing, "**the government performed an about-face**" and withdrew their concession on remand.

See, **Mansoori II**, Slip Op. @ 7, 9.  This Court then permitted this
clear violation of well-established Supreme Court law.  See, **New
Hamshire v. Maine**, 532 U.S. 742 (2001); **Pegram v. Herdrich**, 530
U.S. 211 (2000).

The Court's inconsistent judicial opinion with those of a
multitude of other Seventh Circuit Court judges, including an
opinion by these same judges involving other case defendants, on
the subject matter of judicial admissions, was wrong, it unfairly
and fatally prejudiced Young's right to fundamental fairness in
this case's appeal proceedings.

2.    **Preservation And Presentation Of Rights For Review**

In order for an appellate court to review an issue, generally
the appellant must have preserved the claim by making a specific
objection at or before trial.  See, **Turner v. Murray**, 476 U.S. 28,
37 (1986).  Contrary to Seventh Circuit precedent, i.e., **U.S. v.
Adkins**, 274 F.3d 444, 454 (7th Cir. 2001), even (as here) where
**Apprendi** objections were timely raised below, this Court has
consistently applied the (government-favored) plain error standard
of review to **Apprendi** claims, which greatly enhances the prospects
for illegal sentences being affirmed.

This Court's opinion in **U.S. v. Nance** 236 F.3d 820 (7th Cir.
2000) became the first case, the precedent setter, that established
the **Apprendi** rule as new controlling law in the Seventh Circuit.
Despite the uncontested fact that defendant Wendell Nance had not
timely made or presented an **Apprendi** claim, i.e., **Nance**, **supra** @

824, 825, this Court expressly held that in Wendell Nance's sentencing pronouncement, **"error was made (as we have found), and we grant that the error _was_ "plain" and affected the defendant's substantial rights (by increasing the sentence by 22 months)."** **Id**.

This Court in **Mansoori I (Young)**, 304 F.3d @ 657-58, citing **Nance**, stated that a **"mistake must qualify as "plain" before the defendants are entitled to relief"** [but] **"we conclude that the [Apprendi] error does not constitute "plain" error."** **Id**. Why _so_ in **Nance**, but why **no** in **Mansoori/Young**?? Same judges, same basic facts, different defendants.

The Supreme Court has characterized plain error as error that is **"clear"** or **"obvious"**, and affects the defendant's **"substantial rights."** See, **U.S. Olano**, 507 U.S. 725, 732-33, 734-35 (1993).

Using converse reasoning, the **Olano** Supreme Court held that if and when an error affects a defendant's substantial rights, it _is_ plain error. **Id**. See also, **U.S. v. Maynie**, 257 F.3d 908, 919 (8th Cir. 2001)(error **"substantially affected defendant's rights"** where correction of error results in a shorter prison terms); **U.S. v. Smith**, 332 F.3d 455,460 (7th Cir.2003)(An error is harmless if it did not affect the district court's selection of the sentence imposed. **Note:** Judge **Illana Diamond Rovner** authored this opinion, joined by judges Posner and Coffey); **U.S. v. Schlifer**, 403 F.3d 844, 854 (7th Cir. 2005, JJ. Williams, Kanne, Evans)(same as **Smith**, **supra**).

32

If, as the learned jurists who decided and authored the opinions in **Olano**, **Nance**, **Smith** and **Schlifer** have definitively concluded, that sentencing errors that affect sentencing deter- minations, i.e., the <u>length</u> of prison sentences, and that affect substantial rights, <u>are</u> **"plain"** and could never be **"harmless"**, then how could this Court, these same **Mansoori I** opinion jurists (Rovner, Bauer, Manion) who concluded that the **Apprendi** error in **Nance** <u>was</u> plain and <u>did</u> affect Nance's substantial rights (because it increased Nance's sentence by just 22 months), then conclude that Young's clearly preserved **Apprendi** error claim was <u>not</u> plain, <u>not</u> timely preserved and <u>did</u> <u>not</u> affect Young's substantial rights (in spite of increasing the <u>legally</u> permissible sentence pursuant to **Section 841(b)(1)(C)** from a **20 year** statutory maximum, to an <u>illegally</u> imposed **life** without parole sentence)??

Address and explain that!

**If the truth be told,** this Court itself erred egregiously in failing to notice and address Young's **Apprendi** error preser- vation claim on direct appeal. This Court error adversely affected Young's substantive rights as reflected in the lengthier sentence imposed for the Count One narcotics conspiracy.

Had the member jurists of the **Mansoori I** direct appeal merit panel, Rovner (author), Wood (the author of **Nance**) and Bauer (the author of **Larson**), exercised sufficient due diligence in research- ing and examining the <u>material</u> documented (sentencing transcripts and supplemental memorandum of **September 22, 1999,** the case docket sheets, etc.) evidence of record, they would have known <u>then</u> what they know <u>now</u> - **the evidence was <u>there</u> all along** - that

defendant Young timely and precisely raised and preserved accurately his **Apprendi** claim, and perhaps they would have concluded as Judge Bauer (joined by jurists Wood and Ripple) did in **U.S. v. Larson**, 417 F.3d 741, 747 (7th Cir. 2005), i.e., the defendant (Palmer) raised an **Apprendi** challenge below, the government had the burden on appeal of establishing that the error was harmless (translated, this means that **"harmless error"** rather than **"plain error"** was [there as it is here] the proper standard of review, another error committed by this particular court panel).

The facts, the evidence of record as it relates to the **Apprendi** rule, in the **Nance** and **Young** (**Mansoori**) opinions, were virtually identical (no amount of drugs charged by indictment, no amount of drugs determined by jury verdict) except in one dispositive respect: Young made a public, perfect **Apprendi** claim below (referencing **Jones v. U.S.**, 526 U.S. 227 (1999) as the Seventh Circuit held that Nance could have and should have done) to preserve an **Apprendi** claim, and thus became eligible for relief (a sentence capped by a 20 year default statutory maximum penalty) pursuant to **21 U.S.C. 841(b)(1)(C)** .

There is no possible way Young's **Apprendi** claim could be **"harmless"**, if **Nance** and **Adkins** [274 F.3d 444] still are controlling law (and they are) for **Apprendi**-based claims in the Seventh Circuit.

III.  **Conclusion**

This Court <u>did</u> <u>not</u> address <u>on</u> <u>the</u> <u>merits</u> the timely presented
issue of Young being tried, convicted and sentenced under the
<u>mandatory</u> guideline regime and in accordance with the **<u>Ap-</u>
<u>prendi</u>** principle pre-**Booker**, and the <u>ex</u> <u>post</u> <u>facto</u> <u>clause</u>
prohibition implications from not being resentenced accor-
dingly to a maximum guidelines sentence of **51 months**, guide-
lines offense level 12.  Young has already been incarcerated
twice as long a period.  Now, these issues ought to be
addressed in this Section 2255 petition.

WHEREFORE, defendant Young prays this Court will grant the
relief requested and richly deserved.


                              Respectfully submitted,


                    By: _Terry Young_____
                        Terry Young, <u>Pro Se</u>
                        USP Terre Haute
                        P.O. Box 33
                        Terre Haute, IN 47808


                              35

## **Table of Contents**

**Subject Matter**                                                    **Page No.**

I.    Introduction......................................    1

II.   Argument(s)......................................    2

      **A.**    The Failure Of The Courts To Comply With
      Supreme Court And Circuit Court Precedents, Dis-
      Regarding Intervening Changes In Circuit Law, Ig-
      noring A Congressional Statutory Mandate, All Re-
      sulted In A Fundamental Miscarriage Of Justice,
      Warranting The Count One Vacation Of Judgment Or,
      Alternatively, Reduction In Sentence Length.......

      **B.**    The District Court Erred In Finding That De-
      fendant Young's **Apprendi**-like, **Jones** Objection Was
      Untimely And Without Merit.  The Circuit Court
      Compounded The Lower Court's Error By Adopting And
      Not Correcting It.................................

      **C.**    Defendant Young Timely And With Sufficient
      Specificity Made And Preserved An **Apprendi** Claim
      Below.  Young Is Therefore Entitled To Be Resen-
      tenced **De Novo** On Conspiracy Count One, And This
      Court's Law Of The Case Doctrine Finding To The
      Contrary Should Be Set Aside.....................

      **D.**    The Circuit Court Erred In Applying Plain
      Error Analysis To Defendant Young's Timely Pre-
      served **Apprendi**-like Claim.  Young's Claim And
      Sentence Should Have Been Subject To Harmless
      Error Analysis And Plenary Review................

      **E.**    Defendant Young Was Victimized, Unfairly
      Prejudiced And Discriminated Against By This Court
      Adopting Inconsistent Judicial Opinions, Reflec-
      ting The Application Of Dual Standards Amongst

iii

## Table of Contents

**<u>Subject Matter</u>**                                                                    **<u>Page No.</u>**

Similarly Situated Criminal Case Defendants, Char-
ged With Virtually Identical Narcotics Conspiracy
Offenses........................................

III. Conclusion........................................

*iv*

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

UNITED STATES OF AMERICA,   )
      Plaintiff,        )
                      )
                      )    **Case No. 97CR63**
      v.              )
                      )    **Judge George W. Lindberg**
                      )
**TERRY YOUNG,**          )
      Defendant.      )

## NOTICE OF MOTION FILING

To:  **Daniel Rubenstein,** Esq. (or whomever acts in his stead)
     Assistant U.S. Attorney
     219 S. Dearborn Street - Suite 1200
     Chicago, Illinois 60604

    **Please Take Notice** that on this _15_ day of _MARCH_, 2008, the undersigned shall cause to be placed in the legal mailbox at USP Terre Haute pursuant to **Houston v. Lack**, 487 U.S. 266 (1988), for mailing to and filing with the Clerk of the Court, U.S. District Court, Northern District of Illinois, Eastern Division,

        **Motion To Vacate, Correct Or Set Aside Sentence**
             **Pursuant To 28 U.S.C. §2255**

service of which is being made upon you.

                     Respectfully submitted,

                By: _Terry Young_
                  Terry Young, Pro Se
                  Reg. No. 02368-424
                  USP Terre Haute
                  P.O. Box 33
                  Terre Haute, IN 47808

CERTIFICATE

OF

SERVICE

———————

I, the undersigned certify that I placed a true copy of the
"Motion to Vacate..." into the U.S. Mail through the inmate legal
depository at USP Terre Haute, with full and prepaid postage
affixed and addressed to:

        Daniel Rubenstein, Esq. (or whomever acts in his stead)
        Assistant U.S. Attorney
        219 S. Dearborn Street - Suite 1200
        Chicago, Illinois 60604

Date _____          Terry Young
                                       Reg. No. 02368-424
                                       USP Terre Haute
                                       P.O. Box 33
                                       Terre Haute, IN 47808

ii