UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CV 1999 |
| v. | ) | 97 CR 63-1 |
| | ) | |
| | ) | Judge George W. Lindberg |
| TERRY YOUNG | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves this Court to deny petitioner Terry Young's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In support thereof the government states as follows:

1. Terry Young moves this Court, pursuant to 28 U.S.C. §2255, to vacate his life sentence, impose a sentence of no more than 51 months, and order his release from custody for time served. Petition at 35.

*Background*

2. After an approximately 11-week jury trial, Terry Young and three co-defendants were convicted of violating 21 U.S.C. 846 (Count One of the Superseding Indictment returned May 16, 1997 [R. 133]) for their participation in a massive drug

1

trafficking conspiracy operated by the Traveling Vice Lords Street Gang. R. 404, 405.[1] Young, the leader of the conspiracy, and one of his underlings were also convicted of distribution of one kilogram of cocaine in violation of 21 U.S.C. § 841 (Count Two), and Young was convicted of money laundering in violation of 18 U.S.C. § 1956 (Count Fourteen). *Id.*. Young and his co-defendants received life sentences for their convictions on Count One – the narcotics trafficking conspiracy. R. 681, 682, 690, and 691.

    3.    Young and a co-defendant received concurrent life sentences on Count Two – possession of one kilogram of cocaine with intent to distribute. R. 682, 691. And Young received an additional concurrent term of 20 years for his money laundering conviction on Count Fourteen. R. 691.

    4.    All of the defendants appealed their convictions and life sentences, and on October 16, 2002, after denying defendants' petition for rehearing, the Seventh Circuit affirmed defendants' convictions but ordered a limited remand on the following issues:

> (a) all defendants' payment of community restitution;
> (b) Young's motion for downward departure based upon his purported diminished capacity;
> (c) the life sentence imposed against Young and a co-defendant on Count Two; and
> (d) the special assessment imposed on Young for his conviction on Count Fourteen.

*United States v. Mansoori*, 304 F.3d 635, 658-59, 677 (7th Cir. 2002) ("*Mansoori I*").

---

[1] "R" denotes citation to the pleadings and orders.

5.      On remand, this Court made the adjustments mandated by *Mansoori I* and left in place the life sentences for all defendants on their Count One conspiracy convictions. All defendants again appealed. Rejecting Young's argument under *Apprendi v. New Jersey*, 530 U. S. 466 (2000), the Seventh Circuit affirmed his life sentence. *United States v. Mansoori*, 480 F.3d 514, 524-5 (7th Cir. 2007) ("Mansoori II"). The Seventh Circuit ordered a *Paladino* remand as to Young's co-defendants, on remand this Court re-iterated its life sentences as to those co-defendants, and on additional appeal the Seventh Circuit found the life sentences for Young's three co-defendants reasonable and affirmed in an unpublished order. *United States v. Mansoori*, 2008 WL 744138 (7th Cir. 2008).

### *Petitioner's Contention*

6.      In a rambling, 35-page petition punctuated with personal rants and insolent rhetoric, Young presents endlessly redundant arguments in support of a single claim - that his life sentence was based upon the quantity of drugs distributed, the amount of drugs distributed was never determined by the jury that convicted him, and therefore his constitutional right to due process of law, articulated in *Apprendi v. New Jersey*, *supra,* was infringed.

### *Argument*

7.      Young fails to address in his petition very well settled law that a §2255 petition should be dismissed where the law is unchanged and a petitioner raises no new facts, but merely attempts in the §2255 petition to re-litigate issues, including constitutional issues, that were previously decided on direct appeal. *See, e.g., Peoples v. United States*, 403 F. 3d

3

844, 846 (7th Cir. 2005) (where law was unchanged and no new facts were presented, petitioner could not raise ineffective assistance of counsel claim because claim fully litigated on direct appeal); *Murchu v. United States*, 926 F.2d 50, 55 (1st Cir. 1991) (petitioner could not raise entrapment claim in §2255 petition because claim fully litigated on direct appeal); *Riascos-Prado v. United States*, 66 F.3d 30, 33-34 (2d Cir. 1995) (petitioner could not raise claim of ineffective assistance of counsel in §2255 petition, though claim slightly altered, because issue resolved on direct appeal); *United States v. Roane*, 378 F.3d 382, 397 (4th Cir. 2004) (petitioner could not raise claim of sex discrimination in jury selection in §2255 petition because issue resolved on direct appeal); *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004) (petitioner could not raise constitutional claim in §2255 petition because claim raised and rejected on direct appeal); *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (petitioner could not challenge sufficiency of government's evidence of possession and distribution of crack-cocaine, as opposed to some other form of cocaine, because issue resolved on direct appeal).

8.   Everything Young presents in his petition has been raised, presented, argued, addressed, and decided by the Seventh Circuit in the two lengthy published opinions in the direct appeal of his case. *See Mansoori I*, 304 F.3d at 657-659, and *Mansoori II*, 480 F3d at 517-19, 521-25. That Young is merely rehashing issues fully litigated and decided against him on direct appeal is readily apparent from the face of Young's petition; Young cites the two Seventh Circuit opinions, *Mansoori I* and *Mansoori II,* on virtually every page of his petition. *See* Petition at 3-5, 8-12, 14-15, 18-25, 27-34.

9.   Assuming, *arguendo*, that anything presented in Young's petition is legally cognizable by this Court, the petition is patently meritless. Nothing that Young has presented addresses the core of the Seventh Circuit's repeated rejection of his claims -

> [T]he evidence before the jury *consistently and overwhelmingly* demonstrated that the defendants were distributing cocaine and heroin on a very large scale. In view of that evidence, *there can be no doubt* that the jury would have found that the offense involved the threshold amount of five kilograms of cocaine and/or one kilogram of heroin as necessary to authorize prison terms of life for defendants Young, Mohammad Mansoori, Cox, and Choice.

*Mansoori II*, 480 F.3d at 523, *citing Mansoori I*, 304 F.3d at 658.

### *Conclusion*

For the reasons stated above, the government asks that petitioner Terry Young's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ John F. Podliska
   JOHN F. PODLISKA
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-2815

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed R. Civ. P. 5, LR5.5, and the General Order of Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was also sent by mail on August 27, 2008, to the following addressee:

>Terry Young
>Reg. No. 02368-424
>FCI
>P.O. Box 1000
>Oxford, WI  53952


By:   /s/ John F. Podliska
      JOHN F. PODLISKA
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois   60604
      (312) 353-2815